Case 1:17-cv-06061-SHS Document 22 Filed 10/03/17 Page 1 of 2

WESLEY M. MULLEN

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/17

October 3, 2017

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

VIA ECF

MEMO ENDORSED

October 3, 2017
Hardy Defendants shall have until November 13 to answer or move. Initial pretrial conf. remains at Nov. 9 at 11 A.M. for the court to hear the status of matters.
So ordered
Sidney H Stein
USDJ

Re: Maccarone v. Hardy et al., No. 1:17-cv-6061-SHS

Your Honor,

I represent Plaintiff Nicholas Maccarone in the above-captioned matter seeking damages on account of water damage to his Manhattan apartment.

I write in response to the letter motion of Defendants Tiziana Hardy, Sebastian Hardy, and Penelope Hardy (the "Hardy Defendants") seeking an indefinite extension of time to answer or respond to the complaint (ECF Doc. No. 21) on the ground that Tiziana Hardy passed away on August 28, 2017.

Plaintiff opposes the motion because the relief requested is overbroad. The proposed extension amounts to a stay of all proceedings against the Hardy Defendants until after the appointment of an administrator for the estate of Tiziana Hardy - a circumstance that is beyond Plaintiff's control.

Plaintiff wishes to proceed with his claims, and to take discovery made necessary and appropriate in light of the recent deaths of both Mr. and Mrs. Hardy, the former owner-occupants of the apartment from which (as Plaintiff alleges) water flowed into the damaged property.

Plaintiff has made diligent and repeated requests for relief from Defendants since the date of the damage in February 2017. I e-mailed the Hardy Defendants' counsel a copy of the Complaint in this action when it was filed on August 11, 2017; the Hardy Defendants waived service and have had 60 days to respond by operation of Fed. R. Civ. P. 4. (ECF Docs. Nos. 13-15.) The death of one party defendant ought not to stay a Plaintiff's cause of action indefinitely.

WMULLEN@MULLENPC.COM | (646) 632-3718

Case 1:17-cv-06061-SHS Document 22 Filed 10/03/17 Page 2 of 2

Moreover, the death of one party is not grounds to delay the action as against others who remain defendants in their own right. Fed. R. Civ. P. 25(a)(2) ("After a … party's death the action does not abate, but proceeds … against the remaining parties"). A stay of the action as to Penelope and Sebastian Hardy is unwarranted.

* * *

Notwithstanding the foregoing, Plaintiff does not object to a reasonable and definite extension of 30 days.

I therefore respectfully request that the Hardy Defendants be granted a 30 day extension of time to respond, on consent and courtesy. This measured relief would not preclude additional extensions of time for Tiziana Hardy to respond pending appointment of estate representatives and substitution of parties.

Finally, I apologize to the Court for my part in the miscommunication between myself and Mr. Brescia that necessitated the Hardy Defendants' letter motion and this response.

Respectfully,

Wesley M. Mullen

cc: All parties of record(via ECF)

Vincent Brescia, Esq.
*Counsel for the Hardy Defendants*
via email to vincent.brescia@libertymutual.com

Frank Scanga, Esq.
*Counsel for 4 West 21st Street, LLC and The Brodsky Organization, LLC*
via email to frank@scangalaw.com