WESLEY M. MULLEN, ESQ.               MULLEN P.C.
                                  THE METLIFE BUILDING
                           200 PARK AVENUE | SUITE 1700
                                    NEW YORK, NY 10166

January 5, 2018

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

VIA ECF

    Re:   Maccarone v. Hardy et al., No. 1:17-cv-6061-SHS

Your Honor,

I represent Plaintiff Nicholas Maccarone in the captioned action. This is a diversity case involving water damage to Plaintiff's apartment and personal property.

In accordance with Rule 2.G of the Court's Individual Practices, I write to request an informal conference regarding Plaintiff's anticipated motion to compel discovery.

**SUMMARY OF THE DISPUTE**

Plaintiff served requests for production of documents (the "Requests") upon all Defendants on November 13, 2017. Defendants' time to respond to the Requests expired on December 13, 2017. Fed. R. Civ. P. 34(b)(2)(A). Defendants have not responded to the Requests. Neither have they requested an extension of time to respond, or stated when they intend to respond, despite Plaintiff's invitations and entreaties.

Party depositions are noticed and must take place by mid-February; fact discovery closes April 2, 2018. (ECF Doc. No. 30 ¶¶ 3-5, 7.) Plaintiff seeks to proceed with orderly and efficient discovery under the Rules and the Court's case management order. (Id.)

Plaintiff therefore seeks an order compelling Defendants promptly and fully to respond to the Requests, and ordering them to pay Plaintiff's reasonable costs of obtaining compliance.

WMULLEN@MULLENPC.COM | (646) 632-3718

**LEGAL STANDARD**

A party seeking discovery may move for an order compelling inspection if a party "fails to produce documents or fails to respond that inspection will be permitted … as requested under Rule 34." Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iv).

Rule 37 encourages fee-shifting where a party's failure timely to provide discovery, or violation of an order requiring discovery, necessitates motion practice. Fed. R. Civ. P. 37(a)(5), (b)(2)(C).

**REPRESENTATION PURSUANT TO RULE 2.G**

On December 19, 2017, I conferred by telephone with counsel for the Hardy Defendants concerning the Hardy Defendants' failure to respond to the Requests, and Plaintiff's reluctant but firm intent to move for an order compelling discovery if necessitated by Defendants' conduct.

On January 2, 2018, I again requested by email to meet and confer with counsel for all Defendants regarding Defendants' failure to respond to the Requests. None of the Defendants has responded.

Pursuant to Rule 2.G I therefore represent that Plaintiff has attempted to meet and confer with Defendants. Those attempts have been unsuccessful because of Defendants' failure to participate.

**CONCLUSION**

Pursuant to Rule 2.G. of the Court's Individual Practices, Plaintiff requests a conference regarding the proposed motion herein described. Moreover, for the reasons herein described, the Court should enter an order (i) compelling Defendants to respond to the Requests; and (ii) awarding Plaintiff the reasonable expenses of obtaining discovery. Fed. R. Civ. P. 37(a)(5), (b)(2)(C).

Respectfully,

Wesley M. Mullen