LAW OFFICES
OF

CORREIA, KING, FODERA, McGINNIS & LIFERIEDGE

EMPLOYEES OF THE LIBERTY MUTUAL GROUP, INC.
ONE BATTERY PARK PLAZA 29TH FLOOR
NEW YORK, NEW YORK 10004-1437
TELEPHONE (212) 487-9701
FAX: (603) 430-1946

DOREEN J. CORREIA
THOMAS J. KING
RICHARD J. FODERA
KEVIN J. McGINNIS
BRIAN S. LIFERIEDGE

DAWN K. GILBERT
VINCENT A. BRESCIA
PHILIP J. DeBERNARDIS
JOSEPH B. KUROLY
JERRY J. HESS
GLENDA R. CUNNINGHAM
LAURA R. EFRATI
SAMUEL G. LESMAN
JAMES MASTOROS
MICHELLE T. BAGINSKI

JOSE M. GOMEZ
GERALDINE AINE
JENNIFER P. MAAS
JOSEFINA BELMONTE
IRINA ZAMYATIN
AMANDA PRESCOTT-SEVERIN
JEREMY SEEMAN
MICHAEL DeGUIDA-DeRISE
LAURENT CHEVALIER
ADAM WOLK

SUBROGATION COUNSEL
MARK S. LABE

LEGAL OFFICE MANAGER
JANET M. TAKACS

January 9, 2018

Judge Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York   10007

Re:          Maccarone v Hardy, et al.
Docket #     17 CV  06061 (SHS) (GWG)
Date of Accident:   2/5/17

Honorable Judge Stein:

   This letter is submitted in reply to Plaintiff's objection to my request for a motion conference regarding the voluminous outstanding discovery on his behalf.  Defendant and Plaintiff did confer via telephone regarding the outstanding discovery on December 19, 2017.  I had received Mr. Mullen's response to Demand for Production on behalf of Plaintiff by email on December 13, 2017.  During our call on December 19, 2017, he discussed my outstanding discovery and I discussed his discovery deficiencies.  I explained to Mr. Mullen that I was going to need to make a motion to compel if he did not provide actual responses the demands, that unfounded objections and promises to 'search and provide if found' at a later date was unacceptable.  I received an email from Mr. Mullen immediately after the phone discussion (which I can bring to the Court conference) with the following language:

> Doreen, this is to follow up on our telephone conversation.  I invite you again to let me know when you intend to respond to Plaintiff's discovery requests, which responses are overdue, or to request an extension if you need one.  A motion to compel should be unnecessary, but this is to memorialize that we discussed the subject.
>
> We also discussed your intent to move to compel Plaintiff's responses to your clients' discovery requests.  The motion you propose would be frivolous because Plaintiff timely responded to the requests.

   As can be seen, six days after I received Plaintiff's insufficient discovery responses, the discovery issues were discussed by phone with  Mr. Mullen and he acknowledged the

conversation in an email. Regarding the near total deficiencies in the Interrogatories Response, I have not discussed that with Mr. Mullen owning to the fact I received the response at the end of last week, at or about the time Mr. Mullen filed his letter with the Court. Depositions are scheduled for three weeks from today. Plaintiff failed to respond almost entirely as outlined in the letter, and time is of the essence to get this resolved, or depositions of Plaintiff will have to be adjourned.

Very truly yours,

Doreen Correia

DJC/djc

**Please be advised this office is now a paperless environment.** As such, we will communicate via e-mail and/or e-fax. Please contact this office immediately to provide your preferred E-mail address for all future communications. Please forward all future correspondence, including discovery requests, discovery responses, motions, etc. to harriskingmail@libertymutual.com or via e-fax: (603) 430-1946.
**\*\*We will still require Original Authorizations via regular mail.\*\***