UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICHOLAS MACCARONE,

                              Plaintiff,                      NOTICE FOR PRODUCTION
                                                                       OF DOCUMENTS AND
                                                                       THINGS

   -against-

SEBASTIAN HARDY, as legal representative                17 CV 06061(SHS)(GWG)
of the Estate of Hugh Hardy,
SEBASTIAN HARDY, as legal representative
of the Estate of Tiziana Hardy,
PENELOPE HARDY, as legal representative
of the Estate of Hugh Hardy,
PENELOPE HARDY, as legal representative
of the Estate of Tiziana Hardy,
4 WEST 21ST STREET LLC, and THE BRODSKY
ORGANIZATION, LLC,

                              Defendants.
------------------------------------------------------------X
SEBASTIAN HARDY, as legal representative
of the Estate of Hugh Hardy,
SEBASTIAN HARDY, as legal representative
of the Estate of Tiziana Hardy,
PENELOPE HARDY, as legal representative
of the Estate of Hugh Hardy,
PENELOPE HARDY, as legal representative
of the Estate of Tiziana Hardy,

                              Third-Party Plaintiffs,

   -against-


MIH SYSTEMS GROUP LLC, URBAN
ASSOCIATES LLC and 4 WEST 21ST STREET
OWNERS CORP.,

                             Third-Party Defendants.
------------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to F.R.C.P 26 AND 33, Plaintiff, Nicholas Maccarone is required to produce and/or permit Defendants, 4 WEST 21ST STREET, THE BRODSKY ORGANIZATION, LLC., URBAN ASSOCIATES LLC and 4 WEST 21st STREET OWNERS CORP., to inspect and copy within thirty-three (33) days from the date hereof at 415 Madison Avenue, 16th Floor, New York NY 10017, the following:

1. The full names and addresses of each and every witness plaintiff is aware of or intends to use at trial. This includes but is not limited to notice witnesses, brokers, any contractor or estimator for repairs or damages, any real estate agent or individual who was a prospective purchaser or lessee of the apartment, any individual who was shown the alleged damages.

2. Full and complete copies of any and all estimates for repair to the apartment in issue, purchase orders, contracts, invoices, receipts for repair, payment for repairs or remediation, or cleanup, and any materials used for the repair.

3. Copies of receipts and credit card statement for all items outlined in #2 above.

4. Copies of all receipts and/or credit card statements for any personal property alleged damaged by this loss, as well as any purchases made to replace same.

5. Copies of all photographs of the water conditions as well as any resultant damages alleged.

6. Copies of all before and after photos of the water damage.

7. Copies of all emails in plaintiff's possession regarding this loss, whether between parties, with brokers, real estate personnel, building owners, managing agents or any other agent

of the building, any prospective buyers or lessees of the property, any contractor or anyone else who gave estimates for repair or did actual repair work for plaintiff.

8. Full copies of any sales contracts or bids for apartment from 1 year prior to the date of loss to present.

9. Copies of any and all agreements with real estate agents, brokers or anyone else to sell or lease the apartment from the time the unit was put on the market by plaintiff to present.

10. Copies of all advertisements for sale or lease of the apartment in issue from the time the unit was put on the market to the loss to present.

11. Copies of all inspections/estimates made of apartment for one year prior to date of loss to present.

12. Full copy of plaintiff's purchase agreement for the apartment in issue.

13. Full copy of plaintiff's sale agreement for the apartment in issue.

14. Full copy of all plaintiff's by laws for the apartment in issue.

15. Full copies of any submissions, emails, documents between plaintiff and the Co-op Board, building owners and or managing agents regarding the sale, putting up for sale, possible renting of the co-op.

16. Full copies of any co-op board meetings where any issue relative to this loss or the sale of plaintiff's unit was discussed.

17. Full copies of all submissions, emails, documents between plaintiff and the Co-OP board, owner or managing agent regarding this incident any and all damages to the apartment.

18. Full copy of plaintiff's leasehold cooperative offering plan and all amendments.

19. Full copies of all advertisements, postings of plaintiff's apartment for either sale or rental for one year prior to the date of loss until present.

20. Each document that supports plaintiff's claim of 'replacement cost of property' to also include any ESI.

21. Each document that supports plaintiff's claim of 'repairs and cleaning necessitated by damages described in the complaint', to also include any ESI.

22. Each document that supports plaintiff's claim of 'remedial services', to also include any ESI.

23. Each document that supports plaintiff's claim of 'carrying costs', to also include any ESI.

24. Each document that supports plaintiff's claim of 'travel' costs, to also include any ESI.

25. Each document that supports plaintiff's claim of 'attorney fees and costs', to also include any ESI.

26. Each document that supports plaintiff's claim for 'interest', to also include any ESI.

27. Copy of letter referred to in plaintiff's purported Rule 26 disclosures "letter dated July 25, 2017 from undersigned counsel for Plaintiff to Mr. Pena as agent for Brodsky…stating Plaintiff' pre-suit demand for compensation and annexing invoices and other documents supporting plaintiff's calculations".

28. All evidence of the date plaintiff's put the unit in issue on the market for the very first time, for both sale and or rental purposes.

29. If plaintiff's apartment had ever been rented prior to this loss, a copy of the last lease in effect, and the date that the tenant vacated the premises.

30. Each and every document and or ESI in plaintiff's possession that supports his claim of loss of rental monies.

31. Each and every document and or ESI in plaintiff's possession that evidences he lost of delayed the sale of the unit due to this loss.

32. A copy of each and every document in plaintiff's possession that supports any of the claims made in the complaint.

33. If plaintiff's apartment has been sold, all documents, ESI, correspondence, offers, counter offers between plaintiff and the ultimate purchaser of the unit or each of their representatives.

34. All documents, correspondence, ESI between plaintiff and his real estate agent, broker between the time this action was commenced until the time it was sold.

PLEASE TAKE FURTHER NOTICE, this demand is to be construed as a continuing demand and if in the event the answering party obtains and/or locates an item subsequent to the service of this notice, then a supplemental response shall be served, but in no event later than the date of the filing of the Note of Issue.

PLEASE TAKE FURTHER NOTICE that the undersigned will object at trial to the testimony of any experts not identified in accordance with this demand.

Dated: New York, New York
January 29, 2018

                                      LAW OFFICE OF FRANK A. SCANGA

By: _____
       Frank A. Scanga, Esq. (FAS1460)
       Attorney for Defendants
       4 WEST 21st STREET LLC, THE
       BRODSKY ORGANIZATION, LLC
       URBAN ASSOCIATES LLC and
       4 WEST 21st STREET OWNERS CORP.
       415 Madison Avenue, 16th Floor
       New York, NY 10017
       (212) 758-4040

To: (VIA ECF)

MULLEN P.C.
Attorney for Plaintiff
NICHOLAS MACCARONE
200 Park Avenue, Suite 1700
New York, New York 10166
(212) 632-3718

CORREIA, KING, FODERA, MCGINNIS & LIFERIDGE
Attorneys for Defendants
SEBASTIAN HARDY and
PENELOPE HARDY, as legal
Representatives of the Estate of Hugh
& Tiziana Hardy
One Battery Park Plaza, 29th Floor
New York, New York 10004-1437
(212) 487-9701

LONDON FISHER LLP
Attorneys for Defendant
MIH SYSTEMS GROUP, LLC
59 Maiden Lane
New York, New York 10038
(212) 331-9417

Index No. 17-CV-6061 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS MACCARONE

Plaintiff,

-against-

TIZIANA HARDY, SEBASTIAN HARDY, as legal representative of the Estate of Hugh Hardy, PENELOPE HARDY, as legal representative of the Estate of Hugh Hardy, 4 WEST 21st STREET LLC, and THE BRODSKY ORGANIZATION, LLC

Defendants.

And Another Action

---

**DEFENDANTS 4 WEST 21ST STREET LLC, THE BRODSKY ORGANIZATION LLC and THIRD-PARTY DEFENDANTS URBAN ASSOCIATES and 4 WEST21ST STREET OWNERS CORP.'S NOTICE FOR PRODUCTION OF DOCUMENTS AND THINGS**

---

LAW OFFICE OF FRANK A. SCANGA
Attorney for Defendants and Third Party Defendants
4 WEST 21ST STREET LLC, THE BRODSKY ORGANIZATION, LLC, URBAN ASSOCIATES LLC and 4 WEST 21ST
STREET OWNERS CORP.
415 Madison Avenue
16th Floor
New York, New York 10017
(212) 758-4040