WESLEY M. MULLEN, ESQ.                    MULLEN P.C.
                                          THE METLIFE BUILDING
                                  200 PARK AVENUE | SUITE 1700
                                           NEW YORK, NY 10166

                                                   May 16, 2018

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

VIA ECF

       Re:   Maccarone v. Hardy et al., No. 1:17-cv-6061-SHS

Your Honor,

I represent Plaintiff Nicholas Maccarone in the captioned action.

Pursuant to Rule 2.G of the Court's individual practices, I write to request an order compelling a limited deposition of the Brodsky Defendants regarding a small trove of relevant documents that were only recently produced.

**Summary of the Dispute**

On April 19 and 23, 2018, Plaintiff took depositions of the Brodsky Defendants and two of their employees.

During the depositions, the Brodsky Defendants disclosed that documents and ESI relevant to Plaintiff's claims had not been produced. This case centers on water damage to Plaintiff's apartment. Missing documents included contemporaneous eyewitness accounts of water damage to Plaintiff's property as well as memoranda sent by building management to residents concerning the water damage.

Plaintiff promptly requested production of the missing materials. The Brodsky Defendants produced them on April 26, 2018. The documents (the "Late-Produced Documents") bear Bates Numbers 000106 through 000437.

In an attempt to avoid unnecessary additional depositions, on May 8, 2018 Plaintiff proposed a stipulation to resolve authenticity and admissibility of the Late-Produced Documents. (See Exhibit A (email correspondence).) Counsel for all parties discussed the proposed stipulation after a deposition on May 11, 2018. Plaintiff then reiterated the request for a stipulation by email on May 14, 2018 and May 16, 2018, noting that the proposed

stipulation is an attempt to avoid further depositions. (Exhibit B (proposed stipulation); Exhibit C (notice of deposition).)

None of the defendants has responded. None agrees to Plaintiff's proffered stipulation. None agrees to the deposition of a witness to authenticate the Late-Produced Documents.

The fact discovery deadline is May 21, 2018. (ECF Doc. No. 79.) Plaintiff raises this matter now as required by the Scheduling Order of April 30, 2018. (Id. ("Any discovery disputes must be brought to the [C]ourt's attention far enough in advance of May 21 for the matter to be resolved by the Court prior to May 21.)

**Representation Pursuant to Rule 2.G**

Pursuant to Rule 2.G I represent that counsel for all parties conferred in person on May 11, 2018 concerning Plaintiff's request. These matters have also been raised in emails annexed to this letter motion. (Exhibit A.) Attempts to resolve the dispute have been unsuccessful.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court compel the Brodsky Defendants to produce a witness to testify regarding the Late-Produced Documents.

The fact discovery cutoff in this action is May 21, 2018. Plaintiff also requests that the Court extend the fact discovery deadline for the limited purpose of the deposition herein requested.

Respectfully,

Wesley M. Mullen