**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NICHOLAS MACCARONE,

                Plaintiff

       vs.

SEBASTIAN HARDY, as legal
representative of the Estate of
Hugh Hardy;

SEBASTIAN HARDY, as legal
representative of the Estate of
Tiziana Hardy;

PENELOPE HARDY, as legal
representative of the Estate of
Hugh Hardy;

PENELOPE HARDY, as legal
representative of the Estate of
Tiziana Hardy;

4 WEST 21ST STREET LLC;

THE BRODSKY ORGANIZATION, LLC;

URBAN ASSOCIATES LLC;

4 WEST 21ST STREET OWNERS CORP.;

    and

MIH SYSTEMS GROUP, LLC

                Defendants.

No. 17 CV 6061

**FIRST**
**AMENDED**
**COMPLAINT**

Jury Demand

    Plaintiff NICHOLAS MACCARONE, by his attorneys, for his

First Amended Complaint against Defendants alleges as follows:

**NATURE OF THE CASE**

1.   This diversity action seeks redress for injuries caused to Plaintiff by Defendants, who through their actions and culpable failures to act caused hundreds of gallons of unsanitary water to cascade into and damage Plaintiff's Manhattan apartment.

**PARTIES**

2.   Plaintiff NICHOLAS MACCARONE ("Plaintiff") is a natural person domiciled in California.

3.   At all relevant times prior to July 2017, Mr. Maccarone was the owner of apartment 14D at 4 West 21st Street in Manhattan (the "Building").

4.   On information and belief, at all relevant times before in or about March 2017, Hugh Hardy and Tiziana Hardy were owners and residents of Apartment 17A at the Building.

5.   At all relevant times before on or about March 15, 2017, Hugh Hardy and Tiziana Hardy were married.

6.   Hugh Hardy died testate in or about March 2017.

7.   Tiziana Hardy died testate in or about August 2017.

8.   Probate of the Estate of Hugh Hardy is proceeding in Surrogate's Court for New York County.

9.   Probate of the Estate of Tiziana Hardy is proceeding in Surrogate's Court for New York County.

10.   Pursuant to the last will and testament of Hugh Hardy, residential property of the Estate passed or is to pass to Defendant TIZIANA HARDY.

11.   At all relevant times on and after August 2017, the Estate of Hugh Hardy and the Estate of Tiziana Hardy (together, the "Estates") are and were owners of Apartment 17A at the Building.

12.   On information and belief, Defendant SEBASTIAN HARDY is a son of Defendant TIZIANA HARDY and Hugh Hardy.

13.   On information and belief, Defendant PENELOPE HARDY is a daughter of Defendant TIZIANA HARDY and Hugh Hardy.

14.   Defendants PENELOPE HARDY and SEBASTIAN HARDY sought issuance of letters testamentary to themselves as executors of the Estates.

15.   The Surrogate's Court ordered the issuance of letters testamentary to Defendants PENELOPE HARDY and SEBASTIAN HARDY in connection with probate of each of the Estates.

16.   Each of Defendants PENELOPE HARDY and SEBASTIAN HARDY is a legal representative of the Estate of Hugh Hardy.

17.  Each of Defendants PENELOPE HARDY and SEBASTIAN HARDY is a legal representative of the Estate of Tiziana Hardy.

18.  Each of Defendants PENELOPE HARDY and SEBASTIAN HARDY is a fiduciary of the Estates.

19.  Each of Defendants PENELOPE HARDY and SEBASTIAN HARDY is a trustee of one or more testamentary trusts created upon the deaths of Hugh Hardy and Tiziana Hardy.

20.  Each of Defendants PENELOPE HARDY and SEBASTIAN HARDY is a trustee of one or more inter vivos trusts created by Hugh Hardy during his lifetime.

21.  Defendant 4 WEST 21ST STREET LLC is a domestic limited liability company registered under the laws of the State of New York with its principal place of business in the State of New York.

22.  Defendant 4 WEST 21ST STREET LLC is and was at all relevant times owner and/or manager of and for the plant and building located at the Building.

23.  Defendant THE BRODSKY ORGANIZATION, LLC is a domestic limited liability company registered under the laws of the State of New York with its principal place of business in the State of New York.

24.   Defendant THE BRODSKY ORGANIZATION, LLC is and was at all relevant times owner and/or manager of and for the plant and building located at the Building.

25.   Defendant URBAN ASSOCIATES LLC is a domestic limited liability company registered under the laws of the State of New York with its principal place of business in the State of New York.

26.   Defendant URBAN ASSOCIATES LLC is and was at all relevant times owner and/or manager of and for the plant and building located at the Building.

27.   Defendant 4 WEST 21ST STREET OWNERS CORP. is a domestic corporation registered under the laws of the State of New York with its principal place of business in the State of New York.

28.   Defendant 4 WEST 21ST STREET OWNERS CORP. is and was at all relevant times owner and/or manager of and for the plant and building located at the Building.

29.   Defendants 4 WEST 21ST STREET LLC, THE BRODSKY ORGANIZATION, LLC, URBAN ASSOCIATES LLC, and 4 WEST 21ST STREET OWNERS CORP. are entities related to one another by common ownership and/or control, and are hereinafter referred to collectively as the "Brodsky Defendants".

30.  Defendant MIH SYSTEMS GROUP, LLC ("MIH") is a domestic limited liability company registered under the laws of the State of New York with its principal place of business in the State of New York.

31.  Defendant MIH inspected, maintained and/or repaired an air conditioner or like appliance (the "Appliance") in Unit 17A of the Building.

32.  On information and belief, Hugh Hardy and his firm H3 Hardy Collaboration Architecture were hired by the Brodsky Defendants as architects for the Building.

## JURISDICTION AND VENUE

33.  Plaintiff NICHOLAS MACCARONE is a citizen of California.  On information and belief formed on diligent inquiry, no member of MIH or any of the Brodsky Defendants is a citizen of the State of California.  Defendants SEBASTIAN HARDY and PENELOPE HARDY are citizens of the State of New York for purposes of diversity jurisdiction because decedents Hugh Hardy and Tiziana Hardy were citizens of the State of New York.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

34.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) in that Defendants are residents of the

judicial district of this Court and the Estates were formed within the judicial district of this Court.

## FACTUAL ALLEGATIONS

35.   On or about February 5, 2017, the Appliance failed on the 17th floor of the Building.

36.   The Appliance was in or appurtenant to Apartment 17A in the Building.

37.   Water entered the Building when the Appliance failed.

38.   Water entered Plaintiff's apartment when the Appliance failed.

39.   Water entering Plaintiff's apartment caused damage to Plaintiff's apartment as well as Plaintiff's personal property.

40.   On information and belief, the residents of Apartment 17A, to wit, Tiziana Hardy and Hugh Hardy, attempted to service or repair the Appliance.

41.   On information and belief, the residents of Apartment 17A, to wit, Tiziana Hardy and Hugh Hardy, failed to service or repair the Appliance.

42.   On information and belief, the managing agents for the building, to wit, the Brodsky Defendants, by and through

their employees or agents, attempted to service or repair the Appliance.

43.   On information and belief, the managing agents for the building, to wit, the Brodsky Defendants, by and through their employees or agents, failed to service or repair the Appliance.

44.   On and prior to the date of the occurrence of water damage to Plaintiff's apartment and property, Tiziana Hardy and/or Hugh Hardy retained, directed, instructed and authorized Defendant MIH to inspect, service or repair the Appliance.

45.    On information and belief, MIH, by and through its employees or agents, attempted to service or repair the Appliance.

46.   On information and belief, MIH, by and through its employees or agents, failed to service or repair the Appliance.

47.   On and prior to the date of the occurrence of water damage to Plaintiff's apartment and property, Plaintiff had been offering said apartment and property for sale.

48.   On and prior to the date of the occurrence of water damage to Plaintiff's apartment and property, Plaintiff had received and accepted an all-cash, quick-close offer for the sale of said apartment and property.

49.  Water damage to Plaintiff's apartment and property rendered the apartment and property unsaleable.

50.  As a direct and proximate result of water damage to Plaintiff's apartment and property, potential purchasers withdrew their offers to purchase the apartment and property.

51.  Plaintiff engaged professionals to repair the damage to his apartment and property at Plaintiff's own expense.

52.  As a direct and proximate result of water damage to Plaintiff's apartment and property, the sale of the apartment and property was delayed until in or about June 2017.

53.  As a direct and proximate result of water damage to Plaintiff's apartment and property, Plaintiff incurred carrying costs that he would not have incurred but for the conduct of Defendants.

54.  As a direct and proximate result of water damage to Plaintiff's apartment and property, Plaintiff realized a lower sale price than he would have realized but for the conduct of Defendants.

55.  Prior to commencing this action, Plaintiff made diligent requests of Tiziana Hardy and Hugh Hardy to disclose information concerning the source and cause of the water damage.

56.  By email to Plaintiff, Hugh Hardy stated that water leaked from an appliance onto the floor of Apartment 17A and that agents of the Brodsky Defendants were responsible to attend to the leak.

57.  By email to Plaintiff, Hugh Hardy directed Plaintiff to inquire of the Brodsky Defendants for further information concerning the water damage to Plaintiff's apartment.

58.  Prior to commencing this action, Plaintiff made diligent requests of the Brodsky Defendants to disclose information concerning the source and cause of the water damage. Said Defendants asserted that Tiziana Hardy and her late husband Hugh Hardy were responsible for any and all damage, and directed Plaintiff to inquire of Tiziana Hardy and her late husband Hugh Hardy.

59.  Prior to commencing this action, Plaintiff made diligent requests of Tiziana Hardy and the Brodsky Defendants to disclose insurance information for the purpose of making a claim or demand to said insurers.  Defendants refused Plaintiff's request.

60.  Prior to commencing this action, counsel for Plaintiff served a demand letter upon Defendants (and counsel for Defendants believed to be represented by counsel) seeking to

resolve this matter without resort to judicial intervention. Defendants did not respond to the letter.

## FIRST CAUSE OF ACTION – NEGLIGENCE

61.   Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

62.   Defendants owed a duty to Plaintiff to maintain the Appliance.

63.   Defendants owed a duty to Plaintiff not to allow water to enter the Building.

64.   On or prior to February 5, 2017, Defendants breached their duties to Plaintiff by failing properly to install, maintain, and/or service the Appliance.

65.   The Appliance and other associated equipment is owned by Defendants and not Plaintiff.

66.   The Appliance and other associated equipment was under the control of Defendants and not Plaintiff.

67.   The failure of the Appliance and the discharge of water into the Building directly damaged Plaintiff's apartment and the personal property in the apartment.

68.   The failure of the Appliance and the discharge of water into the Building were the direct and proximate result of Defendants' negligence, carelessness, recklessness, and/or negligent acts and/or omissions, including:

a.   Failing properly to install the Appliance;

b.   Failing properly to inspect and/or repair the Appliance;

c.   Failing to conduct proper maintenance checks on the Appliance to ensure it was in proper functioning order;

d.   Failing to take reasonable steps to ensure that a failure of the Appliance would not result in discharge of water into the Building;

e.   Failure to warn Plaintiff that the Appliance was not in proper functioning order;

f.   Failure to respond in a timely manner once put on notice that the Appliance was discharging and/or had discharged water; and

g.   Failure to notify Plaintiff that the appliance had discharged water.

69.  Defendants deliberately concealed their wrongful conduct from Plaintiff in ways that include but are not limited to the following:

       a.   Failure immediately to notify Plaintiff that the Appliance had discharged water;

       b.   Failure, upon notifying Plaintiff of water damage to his apartment and property, to disclose the extent and seriousness of the damage;

       c.   Refusal, upon reasonable inquiry by Plaintiff, to disclose the nature and source of the damage;

       d.   Refusal, upon reasonable inquiry by Plaintiff, to disclose information sufficient to allow Plaintiff to seek reimbursement from Defendants and/or their insurers.

70.  The damages suffered by Plaintiff do not normally occur in the absence of negligence.

71.  The damages suffered by Plaintiff were caused when Defendants negligently, carelessly and/or recklessly failed properly to maintain, provide, design, approve, inspect, test, install and/or repair the Appliance.

72.  The damages suffered by Plaintiff were caused when Defendants negligently, carelessly and/or recklessly failed

properly to maintain, provide, design, approve, inspect, test, install and/or repair the Appliance and as a result increased the risk of harm to Plaintiff.

73.   The damages suffered by Plaintiff were not due to any voluntary action and/or contribution on the part of Plaintiff.

74.   The circumstances herein alleged give rise to a presumption of causation under the doctrine of res ipsa loquitur.

75.   As a result of the foregoing acts and omissions, Defendants proximately caused damage to Plaintiff.

### SECOND CAUSE OF ACTION - TRESPASS

76.   Water from the Appliance entered Plaintiff's property resulting in damage to property and delay in the sale of Plaintiff's apartment.

77.   Employees and/or agents of the Brodsky Defendants entered Plaintiff's property resulting in damage to property and delay in the sale of Plaintiff's apartment.

78.   Defendants have intentionally encroached and trespassed on Plaintiff's property.

79.   Plaintiff did not consent or authorize Defendants to enter, use or encroach upon Plaintiff's property.

80.   Plaintiff has been damaged as a direct result of Defendants' trespass to Plaintiff's property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

1.   On the First Cause of Action, for an amount in excess of the jurisdictional limits of this court and which will be determined at trial together with attorneys' fees, interest, and the costs and disbursements of this action;

2.   On the Second Cause of Action, for an amount in excess of the jurisdictional limits of this court and which will be determined at trial together with attorneys' fees, interest, and the costs and disbursements of this action;

3.   Awarding pre-judgment and post-judgment interest, as provided by law;

4.   Awarding attorneys' fees and costs, including expert fees; and

5.   For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated:    May 21, 2018                    MULLEN P.C.
          New York, NY

                                    By:  Wesley M. Mullen (WM1212)
                                         200 Park Avenue, Ste. 1700
                                         New York, NY 10166
                                         wmullen@mullenpc.com
                                         (646) 632-3718

                                         *Attorney for Plaintiff*
                                         *Nicholas Maccarone*