# LONDON FISCHER LLP

**59 MAIDEN LANE**
**NEW YORK, NEW YORK 10038**

IRVINE OFFICE
2505 McCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614
TELEPHONE: (949) 252-0550
FACSIMILE: (949) 252-0553

(212) 972-1000
FACSIMILE: (212) 972-1030
WWW.LONDONFISCHER.COM

LOS ANGELES OFFICE
355 S. GRAND AVENUE, SUITE 2450
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: (213) 943-1409
FACSIMILE: (213) 943-1412

July 12, 2018

*Via ECF*
Honorable Judge Sidney H. Stein
United Stated District Court
For the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Maccarone v. Hardy, et al.*
       Docket No.: 17-cv-6061
       Our File No:       424.0567073

Dear Judge Stein:

Our office represents third-party defendant, MIH Systems, Group, LLC ("MIH") and this letter responds to plaintiff's counsel's letter dated July 11, 2018. Preliminarily, plaintiff misstates that the trial was scheduled for July 20, 2018 when the trial was scheduled for July 30, 2018. The case settled, and there is no need for a trial.

Plaintiff settled this case with all defendants, including MIH. There has been a short delay in MIH's principal signing the settlement agreement because he needed to confirm how much of his deductible remains so that he knows the amount of the settlement MIH pays and the amount of the settlement that MIH's insurer pays. I explained to plaintiff's counsel that a new claims adjuster from the insurer was assigned to the case and we needed a few more days. The case is settled and there is no need to incur further litigation expenses or waste scarce judicial resources.

If plaintiff's counsel insists on a pre-trial conference then MIH respectfully requests that a pre-motion conference be also scheduled. MIH would request permission to file a motion to enforce the settlement and in the alternative move for summary judgment. MIH refrained from filing the motion for summary judgment because the case settled as confirmed in writing exchanged among the attorneys.

This Court has retained jurisdiction based upon diversity of citizenship and therefore state substantive law should apply. Pursuant to *Williamson v. Delsener*, 59 A.D.3d 291, 874 N.Y.S.2d 41 (1st Dep't 2009); *Trolman v. Trolman, Glaser & Lichtman, P.C.* 114 A.D.3d 617, 981 N.Y.S.2d 86 (1st Dep't 2014); *Sustainable PTE Ltd. v. Peak*

*Maccarone v. Hardy, et al.*
Docket No.: 17-cv-6061
July 12, 2018
Page -2-

*Venture Partners LLC,* 150 A.D.3d 554, 56 N.Y.S.3d 44 (1st Dep't 2017) and *Jiminez v. Yanne,* 152 A.D.3d 43, 455 N.Y.S.3d 652 (1st Dep't 2017), the exchange of e-mails constitutes a binding agreement that settled this case. It is uncontested that the attorneys exchanged e-mails that confirmed the settlement of this case.

Alternatively, pursuant to *Church v. Callahan,* 99 N.Y.2d 104 (2002); *Espinal v. Melville Snow Contractors, Inc.,* 98 N.Y.2d 136, 773 N.E.2d 485, 746 N.Y.S.2d 120 (2002), *citing, Eaves Brooks,* 76 N.Y.2d at 226, 557 N.Y.S.2d 286, 556 N.E.2d 1093; *H.R. Moch Co. v. Rensselaer Water Co.,* 247 N.Y. 160, 159 N.E.2d 896 (1928) this Court should dismiss plaintiff's negligence claims with prejudice because MIH did not owe plaintiff a duty. "A threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" *Epsinal v. Melville Snow Contractors,* 98 N.Y.2d 136, 138, 746 N.Y.S.2d 120, 773 N.E.2d 485 (2002); *H.R. Moch Co. v. Rensselaer Water Co.,* 247 N.Y. 160, 159 N.E.2d 896 (1928)*Pulka v. Edelman,* 40 N.Y.2d 781, 785, 390 N.Y.S.2d 393, 358 N.E.2d 1019 (1976). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" *Lauer v. City of New York,* 95 N.Y.2d 95, 100, 711 N.Y.S.2d 112, 733 N.E.2d 184 (2000).

The objective proof establishes that MIH did not cause the heating, ventilation and air conditioning unit in the Hardy's apartment to allegedly malfunction and allegedly cause water to infiltrate to plaintiff's apartment. To the extent that plaintiff or any party argues that the Hardy's retained MIH to repair the malfunctioning unit, which MIH denies, then pursuant to *Espinal, supra,* and *Church, supra,* this factual scenario does not give rise to tort liability in favor of a third party such as plaintiff. Plaintiff's negligence claims should be dismissed with prejudice because MIH did not owe plaintiff a duty with respect to the heating, ventilation and air conditioning unit.

We respectfully request that MIH have a few more days to sign the settlement agreement or in the alternative, MIH be granted leave to file a motion to enforce the settlement and alternatively summary judgment.

We respectfully thank the Court for entertaining MIH's application.

Respectfully submitted,

LONDON FISCHER LLP

Brian A. Kalman

BAK
cc:
To All Counsel By ECF

LONDON FISCHER LLP